IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 07-20188-JPK |
| HEARTLAND MEMORIAL HOSPITAL, LLC, | ) | (Jointly Administered) |
| and IHEALTHCARE, INC., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Hon. J. Philip Klingeberger |
| _____ | ) | |
| HEARTLAND MEMORIAL HOSPITAL, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Case No. |
| | ) | |
| AIC VENTURES, L.P. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER
<u>AVOIDABLE TRANSFER AND FOR OTHER RELIEF</u>**

Debtor and debtor-in-possession ("Debtor"), pursuant to Sections 547 and 550 of the United States Bankruptcy Code (the "Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Rules"), brings this adversary proceeding to avoid and recover from defendant AIC Ventures, L.P. ("Defendant") the Preferential Transfer (as defined below). In support thereof, Debtor states as follows:

**<u>INTRODUCTION</u>**

1. This is an adversary proceeding filed pursuant to Sections 547 and 550 of the Code and Rule 7001(1) to avoid a preferential transfer made by Debtor during the ninety-day period preceding the Petition Date (as defined herein) (the "Preference Period") and to recover from Defendant the amount of such preferential transfer, plus interest where applicable. This

proceeding also seeks disallowance of any claim filed by Defendant pursuant to Section 502(d) of the Code.

## PARTIES

2.    Debtor is a an Indiana limited liability company, formerly operating as a surgery center and hospital located at 701 Superior Street, Munster, Indiana 46321.  On January 31, 2007 (the "Petition Date"), certain petitioning creditors filed an involuntary Chapter 7 petition under the Code against Debtor.  On March 2, 2007, this Court entered an order of relief against Debtor and granted Debtor's request to convert the Chapter 7 case to a case under Chapter 11 of the Code.  Since the conversion to a Chapter 11 case, pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor has been authorized to operate its business as debtor-in-possession. On November 14, 2007, the Court entered an Order appointing Robert Handler as Debtor's estate representative.

3.    Defendant is AIC Ventures, L.P.

## JURISDICTIONAL ALLEGATIONS

4.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b) because this adversary proceeding arises in or under, and is related to, the above-captioned case pending before the United States Bankruptcy Court for the Northern District of Indiana, Hammond Division.

5.    This adversary proceeding constitutes a "core" proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b)(2), including, without limitation, subsections 157(b)(2)(A), (B), (E), (F), and (O).

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**FACTUAL BACKGROUND**

7. On or about November 6, 2007, Debtor transferred, or caused to be transferred, during the Preference Period, an interest in Debtor's property to or for the benefit of Defendant in the amount of $406,308.70 (the "Preferential Transfer").

**COUNT I**
**(AVOIDANCE OF TRANSFER UNDER SECTION 547 OF THE CODE)**

8. Debtor reasserts and realleges ¶¶ 1-7 as ¶ 8 of this Count I.

9. The Preferential Transfer was a transfer of property of Debtor.

10. The Preferential Transfer was to or for the benefit of Defendant.

11. Defendant was a creditor of Debtor within the meaning of Section 101(10)(A) of the Code at the time the Preferential Transfer was made.

12. The Preferential Transfer was made on account of an antecedent debt owed by Debtor to Defendant.

13. Debtor was insolvent at all times during the Preference Period.

14. The Preferential Transfer allowed Defendant to receive more than Defendant would otherwise have received if (a) Debtor's case were one pending under Chapter 7 of the Code, (b) the Preferential Transfer had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Code.

15. Debtor previously sent a letter to Defendant demanding the return of the Preferential Transfer.  Defendant has not complied with Debtor's request.

16. Defendant has vexatiously and unreasonably failed to pay Debtor despite Debtor's demand for payment, entitling Debtor to prejudgment interest under applicable state law.

17. By reason of the foregoing, the Preferential Transfer constitutes an avoidable preference under Section 547(b) of the Code and Debtor is entitled to entry of a judgment against Defendant avoiding the Preferential Transfer.

WHEREFORE Debtor requests the entry of a Judgment in its favor and against Defendant: (A) declaring the Preferential Transfer avoided pursuant to Section 547(b) of the Code; and (B) granting Debtor such further and other relief as the Court deems just and proper.

## COUNT II
## (RECOVERY OF AVOIDED TRANSFER UNDER SECTION 550 OF THE CODE)

18. Debtor reasserts and realleges ¶¶ 1-17 as ¶ 18 of this Count II.

19. The Preferential Transfer, to the extent it is avoided pursuant to Section 547(b) of the Code, may be recovered by Debtor pursuant to Section 550(a) of the Code from the initial transferee of the Preferential Transfer, the entity for whose benefit the Preferential Transfer was made, or any immediate or mediate transferee of such initial transferee.

20. Defendant was the initial transferee of the Preferential Transfer or the immediate or mediate transferee of the Preferential Transfer.

21. Debtor is entitled to recover from Defendant the full aggregate value of the Preferential Transfer, plus interest thereon, pursuant to Section 550(a) of the Code.

WHEREFORE Debtor requests the entry of a Judgment in its favor and against Defendant: (A) declaring that Debtor may recover the Preferential Transfer from Defendant pursuant to Section 550(a) of the Code; (B) entering a money judgment in favor of Debtor and against Defendant in the aggregate amount of the Preferential Transfer, plus accrued interest thereon at the rate determined by this Court from the date Debtor demanded the return of the Preferential Transfer until the date of the judgment; and (C) granting Debtor such further and other relief as the Court deems just and proper.

## COUNT III
## (FOR DISALLOWANCE OF CLAIMS UNDER SECTION 502 OF CODE)

22. Debtor reasserts and realleges ¶¶ 1-21 as ¶ 22 of this Count III.

23. As a result of the Preferential Transfer, Defendant is a transferee of a transfer that is avoidable under Section 547 of the Code, and Debtor may recover property from Defendant under Section 550 of the Code.

24. To the extent that Defendant fails to repay the avoidable Preferential Transfer, any claim of Defendant shall be disallowed pursuant to Section 502(d) of the Code.

25. Defendant has not paid or surrendered to Debtor the value of the Preferential Transfer, and, therefore, any unsecured claim that Defendant has filed or may file must be disallowed.

WHEREFORE Debtor requests the entry of a Judgment in its favor and against Defendant: (A) disallowing any and all claims of Defendant against Debtor's estate pursuant to Sections 502(d) and 550 of the Code; and (B) granting Debtor such further and other relief as the Court deems just and proper.

**HEARTLAND MEMORIAL HOSPITAL, LLC,**

By: */s/ Paula K. Jacobi*
One of its Attorneys

Paula K. Jacobi, Esq. (IL BAR #1311247)
Andrew J. Abrams, Esq. (IL BAR #6271836)
Shelly A. DeRousse, Esq. (IL BAR#6274798)
SUGAR FRIEDBERG & FELSENTHAL LLP
30 North LaSalle Street, Suite 3000
Chicago, Illinois 60602
Telephone: 312-704-9400