UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 07-20188-JPK |
| HEARTLAND MEMORIAL HOSPITAL, LLC, | ) | (Jointly Administered) |
| and iHEALTHCARE, INC., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Hon. J. Philip Klingeberger |

**FIRST ADDENDUM TO LIQUIDATING PLAN OF REORGANIZATION**

This First Addendum to Liquidating Plan of Reorganization (this **"Addendum"**) is filed by the Official Committee of Unsecured Creditors of Heartland Memorial Hospital, LLC, (the **"Committee"**) and hereby made a part of the Liquidating Plan of Reorganization filed by the Committee on August 1, 2008 (the **"Plan"**). This Addendum modifies, changes, deletes from, and adds to the Plan. Where any portion of the Plan is modified or any section, paragraph, subparagraph, or clause thereof is modified or deleted by this Addendum, the unaltered provisions of the Plan shall remain in effect. In the event there is any conflict or discrepancy between the Plan and this Addendum, the provisions of this Addendum shall control. Unless otherwise defined in this Addendum, all capitalized words and phrases shall have the meaning set forth in the Plan.

New Paragraph 1.35A:

      1.35A  Disclosure Statement: The Disclosure Statement for Liquidating Plan of Reorganization for Heartland Memorial Hospital, LLC dated August 1, 2008 and all exhibits, supplements, appendices and schedules hereto, either in its present form or as the same may be altered, amended or modified from time to time, including, without limitation, that certain First Addendum to Disclosure Statement for Liquidating Plan of Reorganization filed by the Committee on October 9, 2008.

Revised Paragraph 1.42 on page 7 of the Plan:

      1.42  Final Order: An order which is no longer subject to any form of review (excluding a review under Rule 60 of the Federal Rules of Civil Procedure) by any court.

Revised Paragraph 1.60 on page 8 of the Plan:

      1.60  Litigation: The causes of action, rights, suits or proceedings, whether in law or in equity, whether known or unknown, whether pending or not, that the Debtor, the Debtor's Estate, the Litigation Trust or the Reorganized Debtor holds or may hold against any Person, Entity or Governmental Unit including, without limitation, those arising (a) under the Bankruptcy Code, including Avoidance Claims and (b) pursuant to any non-bankruptcy law, statute, rule, regulation or ordinance. The causes of action,

rights, suits and proceedings specifically include, without limitation, those set forth on Exhibit C to the Disclosure Statement, and those potential claims relating to any attorney or law firm, includings its members, partners, agents or employees, who served as directors, officers, agents or attorneys for, or on behalf of the Debtor, including: director/officer liability, breach of fiduciary duty, breach of the duty of care, breach of the duty of loyalty, legal malpractice, negligent misrepresentation, or aiding and abetting breaches of any of the foregoing.

Revised Paragraph 1.74 on page 10 of the Plan:

    1.74   <u>Plan</u>:  This Liquidating Plan of Reorganization and all exhibits, supplements, appendices and schedules hereto, either in its present form or as the same may be altered, amended or modified from time to time, including, without limitation, that certain First Addendum to Liquidating Plan of Reorganization filed by the Committee on October 9, 2008.

Revised Paragraph 4.8(i)(a) on page 18 of the Plan:

first, retain eighty percent (80%) until the Funds are fully funded and pay the remaining twenty percent (20%) ~~to~~ the Secured Creditors;

Revised Paragraph 7.1 on page 28 of the Plan:

    7.1   <u>Liquidating Trust</u>.  On or before the Effective Date, the Debtor shall establish a liquidating trust in accordance with the Liquidating Trust Agreement (a true copy of which is attached hereto as Exhibit A).  On or before the the Effective Date, the Debtor shall be deemed to have transferred the Liquidation Proceeds and all other property of the Debtor's Estate (other than any claim designated by the Liquidating Trustee that he believes should not be transferred in order preserve the viability of the claim including, without limitation, any and all legal malpractice claims) to the Liquidating Trust, for and on behalf of, and at the request of the beneficiaries of the Liquidating Trust, pursuant to the terms of the Liquidating Trust Agreement.  The transfer and assignment of such assets to the Liquidating Trust pursuant to this Section 5.1 of the Plan shall be become after approval by the Liquidating Trustee and the execution of the Trust Agreement by the Debtor and the Liquidating Trustee, but no later than the Effective Date.  On the Confirmation Date, the Liquidating Trustee shall become the designated representative and manager of the Reorganized Debtor in accordance with § 1123(b)(3) of the Bankruptcy Code.  The Liquidating Trustee shall be responsible for liquidating the Debtor's Assets,  administering the post-confirmation estate, and overseeing the distribution of the Liquidation Proceeds pursuant to the Plan.  The proceeds of any claim not transferred to the Liquidating Trust shall, after such claims are fully administered by the Liquidating Trustee in his capacity as the designated representative and manager of the post-confirmation Debtor, be transferred to the Liquidating Trust for distribution pursuant to the terms of the Plan unless such transfer is not permitted.

Revised Paragraph 7.4(i) on page 29 of the Plan

To the fullest extent permitted by applicable law, (i) the Debtor's post-petition Responsible Person that were duly authorized without violation of the automatic stay under Section 362 of the Bankruptcy Code and the Debtor's Liquidating Trustee; and (ii) any Person that may be liable derivatively through any of the foregoing Persons and each of their representatives (collectively, the "Releasees") shall not have and shall not incur any liability to any Person for any and all claims, causes of action and other assertions of liability, or for any act or omission arising in connection with, relating to or arising out of the negotiation of this Plan, the pursuit of confirmation of this Plan, including solicitation of acceptances, the implementation of this Plan, the consummation of this Plan, or the administration of this Plan, the pursuit of Litigation, the existence of the Liquidation Proceeds, or any other property to be distributed or abandoned under this Plan (the "Released Matters") except for such Releasees' willful misconduct or fraud as determined by a Final Order and in all respects the Releasees shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. To the fullest extent permitted by applicable law, the Liquidating Trust shall indemnify, defend, and hold harmless the Releasees (without the Releasees having to first pay from their own funds) from and against any and all Claims, causes of action, liabilities, objections, losses, costs, judgments, damages (including attorney fees and costs) for any act or omission in connection with, relating to or arising out of the Released Matters, other than acts or omissions to act to the extent determined by a Final Order to be due to such Releasee's own respective willful misconduct or fraud.

New Paragraph 7.4(iii):

Notwithstanding the foregoing or any other provision of this Plan to the contrary, the exculpation and indemnification protections being afforded to the Releasees (a) does not extend to any action taken by the Releasees that are not taken in good faith in connection with the negotiation of this Plan, the pursuit of confirmation of this Plan, including solicitation of acceptances, the implementation of this Plan, the consummation of this Plan, the administration of this Plan, the pursuit of Litigation, the existence of the Liquidation Proceeds, or any other property to be distributed or abandoned under this Plan and (b) does not extend to any actions taken by the Releasees generally relating to the Debtor's Case but which were not taken in connection with this Plan as described above. The exculpation and indemnification protections being afforded to the Releasees is not intended to affect underlying claims, counterclaims, defenses by or against the estate, all as most broadly construed; it is the purpose of this provision to protect the Releasees from acts taken by them in good faith as fiduciaries of the estate, rather than to affect the substantive debtor/creditor relationships related to this estate.

New Paragraph 7.6:

    7.6    <u>Reservation of Standing</u>.  Standing is hereby retained in the Debtor and/or the Liquidating Trust to bring all Litigation including, without limitation all avoidance claims, malpractice claims, breach of fiduciary duty, fraudulent transfer claims, claims under Chubb Group of Insurance Companies/Federal Insurance Company, Policy No. 6804-2924, claims under Hartford Insurance Company Policy of Insurance No. 36 UUML5364 and the claims identified on Exhibit C to the Disclosure Statement.  The

Liquidating Trustee shall, upon confirmation, serve as both the representative and authorized agent of the Debtor and trustee of the Liquidating Trust.

New Paragraph 9.14:

9.14    <u>Revesting of Assets</u>.  Except as otherwise expressly provided, subject to the provision of the Plan and the decision of the Liquidating Trustee, on the Confirmation Date (or as soon thereafter as is reasonably practicable) but no later than the Effective Date, title to all of the Debtor's assets and property of the estate of the Debtor will revest in either the Debtor or the Liquidation Trust (as set forth herein) free and clear of all Claims, interests, liens, charges and other interests of creditors, except for the liens of the Secured Creditors, regardless of whether scheduled by the Debtor or the Reorganized Debtor, including without limitation, the Debtor's Assets, the Litigation including, without limitation, the causes of actions identified on Exhibit C to the Disclosure Statement.  Notwithstanding the revesting of the Debtor's Assets, the liens of the Secured Creditors on the Debtor's Assets, as set forth in Section 4.2 of the Plan, shall continue.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HEARTLAND MEMORIAL HOSPITAL, LLC


By: */s/ Christopher J. Horvay*
One of its Attorneys

Christopher J. Horvay (#1263315)
Mark E. Leipold (#6194124)
GOULD & RATNER LLP
222 North LaSalle Street, Suite 800
Chicago, Illinois  60601
312.236.3003

Gordon E. Gouveia (Attorney I.D. No. 7235-45)
GOUVEIA & ASSOCIATES
433 West 84th Drive
Merrillville, Indiana  46410
219.736.6020

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the **First Addendum to Liquidating Plan of Reorganization** was served in the following fashion and on the following parties:

By electronic mail service pursuant to: the Court's CM/ECF system and on the following counsel, on October 9, 2008, before 5:00 p.m.:

Nancy J. Gargula, USTPRegion10.SO.ECF@usdoj.gov

Jennifer Prokop, Jennifer.prokop@usdoj.gov

Martha R. Lehman, mlehman@kdlegal.com

Jeffrey M. Monberg, jmonberg@kdlegal.com

C. Daniel Motsinger, cmotsinger@kdlegal.com; ijs@kdlegal.com; rss@kdlegal.com; pig@kdlegal.com

Michael Parker, mparker@fulbright.com

David M. Blaskovich, dmblasko@cwblawfirm.com

Robin W. Morlock, Robin.Morlock@usdoj.gov; Griselda.Burge@usdoj.gov

Robert D. McIntosh, loubknotices@mapother-attv.com

Andrew J. Abrams, *aabrams@sff-law.com*

Gordon E. Gouveia, *GEG_law@Ameritech.net*

James G. Froberg, jgfroberg@lowis-gellen.com

Nkrumah Lumumba Hopkins, nlhlaw@msn.com

Andrew J. Kopko, kgrbky@kgr-law.com

Arlene N. Gelman, agelman@vedderprice.com

Kenneth A. Manning, Ken@jamesjamesmanning.com

Jodie E. Buchman, jodie.buchman@dlapiper.com

Richard M. Kremen**,** richard.kremen@dlapiper.com

Catherine A. Schneider, dsa@ashenlaw.com

Samuel C. Wisotzkey, contact@kmklawfirm.com

5

Patrick A. Schuster, schusterlaw@sbcglobal.net

Michael V. Knight, michael.knight@BTLaw.com

Frank J. Koprcina, bizp23r3@verizon.net

William T. Enslen, wte142law@aol.com

Cheryl L. Moultrie, lawadopt@aol.com

Kirk A. Pinkerton, kpinkerton@pflaw.com

Robert F. Miller, rmiller@farris-law.com

Mark J. Adey, mark.adey@btlaw.com

Michael F. Knight, michael.knight@btlaw.com

Daniel L. Freeland, dlf9601@aol.com

Matthew T. Gensberg, mgensburg@gtlaw.com

Ethan F. Ostrow, ostrowe@gtlaw.com

Samuel Miller, sam@stmillerlaw.com

Jeffrey E. Gunning, jgunning@paflaw.com

Lori Purkey, purkey@millercanfield.com

James M. Yannakopoulos, jyannako@kblegal.net

Greg A. Bouwer, gbouwer@kblegal.net

Michael K. McCrory, mmccrory@BTLaw.com

Mark R. Owens, mark.owens@BTLaw.com

Sheila A. Ramacci, sar4198@aol.com

Daniel L. Freeland, dlf9601b@aol.com

Chester Foster, chf@fosterkallen.com

Tina M. Bengs, tbengs@hwelaw.com

Cynthia G. Feeley, feeleypc@aol.com

Larry G. Evans, levans@hwelaw.com

Jessica Tovrov, jessica@tovrovlaw.com

Dale E. Allen, daleeallen@mssn.com

Walter F. Sandoval, wfs@hilbrich.com

Lambert C. Genetos, genetos@grymlaw.com

Paul Sweeney, psweeney@linowes-law.com

Robert P. Handler, rhandler@com-rec.com

James E. Carlberg, jcarlberg@boselaw.com

Holly S. C. Wojcik, holly@trinjurylaw.com

Dated: October 9, 2008.                                        Respectfully submitted,

                                                                             /s/  Christopher J. Horvay

Christopher J. Horvay (#1263315)         Gordon E. Gouveia (Attorney I.D. No. 7235-45)
Mark E. Leipold (#6194124)                GOUVEIA & ASSOCIATES
GOULD & RATNER LLP                     433 West 84th Drive
222 North LaSalle Street, Suite 800        Merrillville, Indiana  46410
Chicago, Illinois  60601                         219.736.6020
312.236.3003